UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ABDERRAHMANE FARHANE,<br><br>Defendant. | 05 Cr. 673 (LAP) |
| ABDERRAHMANE FARHANE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 18 Civ. 11973 (LAP) |

WHEREAS, on November 9, 2006, defendant Abderrahmane Farhane pleaded guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 371, and making false statements in connection with a terrorism investigation, in violation of 18 U.S.C. § 1001(a)(2);

WHEREAS, on December 19, 2018, the defendant filed a petition under 28 U.S.C. § 2255 (the "2255 Petition') seeking to vacate his conviction, on the ground that his then-counsel, Michael Hueston, Esq., provided constitutionally ineffective assistance because Mr. Hueston purportedly failed to advise that the defendant might be subject to civil denaturalization;

WHEREAS, in support of the 2255 Petition, the defendant filed a sworn affidavit purporting to describe communications between the defendant and Mr. Hueston about, among other topics: (a) the perceived strength of the Government's case and the likelihood of an acquittal at trial, (b) the possible sentencing outcomes if the defendant pleaded guilty rather than proceeding to trial, (c) the weight that the defendant placed on limiting the term of imprisonment, (d) the

weight that the defendant placed on United States citizenship and being able to remain in the United States, and (e) plea negotiations that Mr. Hueston undertook on the defendant's behalf, and, in the affidavit, the defendant asserted that he and Mr. Hueston never communicated about denaturalization or other immigration consequences (Doc. No. 232 ¶¶ 27–43);

WHEREAS, on October 31, 2024, the Second Circuit, sitting en banc, vacated this Court's denial of the 2255 Petition, as well as the Second Circuit's prior panel decision affirming the denial of the 2255 Petition, and remanded the case to this Court "to make fresh determinations on both prongs of the Strickland inquiry after allowing the parties to develop the relevant records and conducting an evidentiary hearing as appropriate" (Slip Op. at 37);

WHEREAS, as to the first prong of Strickland, the Second Circuit directed the Court to consider "whether prevailing professional norms in 2006, when Farhane pleaded guilty, required defense counsel to advise naturalized citizen clients of the risk of denaturalization and deportation stemming from entry of a guilty plea" and to give Mr. Hueston an "opportunity either to describe or explain his conduct" (Slip Op. at 34–35);

WHEREAS, as to the second prong of Strickland, the Second Circuit directed the Court to "assess the credibility of Farhane's assertion that, had he been properly advised, he would have insisted on proceeding to trial," including, if appropriate, the defendant's assertion that he had "viable defenses at trial" (Slip Op. at 36);

WHEREAS, the Supreme Court has held that "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies" and that "Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences," Lee v. United States, 582 U.S. 357, 369 (2017); and

WHEREAS, a defendant who asserts a claim of ineffective assistance of counsel waives attorney-client privilege as to all communications between the defendant and his attorney relevant to the claim. See, e.g. Frias v. United States, No. 01 CR. 0307JFK, 2009 WL 1437797, at *1 (S.D.N.Y. May 20, 2009); Graziose v. United States, No. 03 CIV. 8109 (RWS), 2004 WL 102699, at *1 (S.D.N.Y. Jan. 21, 2004);

THE COURT HEREBY FINDS THAT the defendant has waived attorney-client privilege as to all communications between the defendant and Mr. Hueston—written or oral—about the following subjects (the "Waived Subjects") which directly bear on the Strickland inquiry: (1) the defendant's naturalization, including whether the naturalization overlapped in time with the offense conduct, (2) the defendant's desire to live in the United States, (3) the nature and strength of the defendant's ties to Morocco or another foreign country, (4) the defendant's attitudes toward United States citizenship for himself or his family, (5) the perceived strength of the Government's evidence, including potential trial defenses, and (6) the defendant's goals and instructions to Mr. Hueston with respect to plea negotiations;

THE COURT FURTHER FINDS THAT any attorney-client privilege as to the Waived Subjects is waived because the defendant's Strickland claim directly puts the Waived Subjects at issue and because the defendant's court filings—including the defendant's affidavit in support of his 2255 Petition—already disclose communications about the Waived Subjects; and

IT IS HEREBY ORDERED THAT, no later than sixty days from the issuance of this Order, Mr. Hueston shall (1) provide to the Government and to the defendant's current counsel all written communications from Mr. Hueston to the defendant, or vice versa, about the Waived Subjects, including handwritten and electronically stored communications; and (2) file an affidavit that describes the substance of oral communications between the defendant and Mr. Hueston about the

Waived Subjects and that addresses whether Mr. Hueston advised the defendant about the possibility of denaturalization and, if not, why not; and

IT IS FURTHER ORDERED THAT, at any evidentiary hearing conducted to assess the defendant's <u>Strickland</u> claim, no testifying witness, including the defendant or Mr. Hueston, may decline to respond to a question based on a claim of privilege as to any of the Waived Subjects.

Dated: New York, New York

_____
THE HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE